## Case No. 14,599.

### UNITED STATES v. BITTINGER.

[21 Int. Rev. Rec. 342.]

District Court, W. D. Missouri. 1875.

FRAUDULENT CLAIMS—SCIENTER—INTERNAL REVENUE—GAUGERS.

1. Making a claim against the government of the United States consists in asking or demanding payment for services. The object of the statute is to prohibit and punish the drawing of money from the treasury of the United States without having rendered legal and recognized equivalents

2. The terms "false," "fictitious," and "fraudulent," used in the statute, have no special legal signification. By the word "knowing" is meant having a certain and clear perception of the falsity of the claim made.

3. Under the authority of the law the commissioner of internal revenue has a right to make regulations concerning gauging and in relation to gaugers, and these regulations are binding and obligatory upon gaugers.

4. Section 3290 of the Revised Statutes does not authorize a gauger to delegate his authority, or to have his duties performed for him; nor do the statutes or regulations anywhere authorize such a delegation or substitution.

The defendant [John L. Bittinger] was indicted for making in due and legal form certain false, fictitious, and fraudulent claims against the government of the United States, as set forth in twenty-three counts, one for each of twenty-three gaugers' monthly bills rendered by defendant for services as internal revenue gauger, knowing the claim and bill to be false, fictitious, and fraudulent in this: that none of the services charged for had ever been performed by the defendant as stated and claimed. The evidence showed that defendant presented for payment twenty-three "internal revenue gaugers' monthly bills," one for each of twenty-three months from July, 1873, to May, 1875, inclusive; that these bills were for fees for gauging and not in any part for expenses; that defendant had received pay as demanded by the bills;

that defendant had never done any of the gauging, but it was all done by Borngesser, another gauger, who himself received pay for a part of the work which he did, and for the remainder defendant had claimed and received pay the same as though the services had been actually performed by defendant himself.

Botsford & Johnson, for the United States. Hall & Chandler, for defendant.

KREKEL, District Judge (charging jury). The indictment charges the defendant with having made false claims against the United States, knowing them to be false, fictitious, and fraudulent. Section 5438 of the United States statutes, under which the indictment is drawn, provides: "Every person who makes or causes to be made or presents or causes to be presented for payment or approval . . . any claim upon or against the government of the United States, or any department thereof, knowing such claim to be false, fictitious or fraudulent, shall be imprisoned," etc. By making a claim, as defined in this statute, is meant the asking or demanding on part of the defendant of the government payment for services. The term "false," used, means "unfounded" or "unjust"; by "fictitious" is meant "not real"; by "fraudulent," "wrong" or "deceitful." These terms have no special legal signification in their use in this statute, but are to be taken by you in their ordinary and well-understood sense. The language of the statute and indictment is, "knowing such claim to be false, fictitious, and fraudulent." By the word "knowing," as here used, is meant the having a certain and clear perception of the falsity of the claim made. The object of the statute is to prohibit and punish the drawing of money from the treasury of the United States without having rendered legal and recognized equivalents.

Regarding the appointment of gaugers, the statute of the United States provides: "The secretary of the treasury shall appoint in every collection district where there may be necessary one or more internal revenue gaugers, who shall each take an oath faithfully to perform his duties, and shall give bond with one or more securities . . . for the faithful discharge of the duties assigned to him by law or regulation." In reference to regulations, the law has this provision: The commissioner of internal revenue "may prescribe rules and regulations to secure a uniform and correct system of inspection, weighing, marking and gauging of spirits." Under the authority thus conferred on the commissioner, he has made the following regulations as to gaugers: "United States revenue gaugers are specially directed to personally gauge the packages and determine the volume and the true per cent. of proof of their contents. They will also with their own hands put upon each cask or package

gauged by them, all the marks, brands and stamps required by law and regulation. . . . Under no circumstances will gaugers be permitted to delegate these duties to an assistant." This regulation is one which, under the authority of law, the commissioner of internal revenue had a right to make, and is binding and obligatory upon the gauger, and bears upon the question of knowledge which the defendant had, whether the claims testified to when presented were false, fictitious, and fraudulent. Another provision similarly affecting the defendant is found under the heading, "Special Instructions to Gaugers. When drawn into casks, spirits must be gauged and proved by the gauger himself, with his own hands, and in no case can he deputize another person to do it for him."

These regulations, made under and according to law, plainly speak for themselves, and need no comment. Section 3290 of the statute has been commented on for the purpose of showing authority in the gauger to have his duties performed for him. This section reads as follows: "Whenever any gauger employs any owner, agent, or superintendent of any distillery or warehouse, or any person in the service of such owner, agent or superintendent, or any rectifier or wholesale dealer to use his brands, or to discharge any of the duties imposed upon him by law, he shall for each offence so committed pay a fine." These provisions do not authorize a gauger to delegate his authority, or have his duties performed for him, nor do the statutes or regulations anywhere give such a delegation or substitution, or authorize the charging of fees for work done by others in the discharge of a duty which the law requires to be performed by the gauger in person.

There is no dispute as to who did the gauging for which the defendant claimed and obtained pay from the government. The work was all done by Bornzesser, another gauger, in St. Joseph. How the interest of the government was affected by reporting a subdivision of the work done by Borngesser, partly in his own name and partly in name of Bittenger, and the amounts of money thus drawn from the treasury, is before you. If you shall find from the evidence that the manner in which the business of gauging testified to was done was for the purpose of drawing illegal fees, and that the defendant was a party thereto, and presented claims to the government for part of such illegal fees with full knowledge of their illegality, you should find the defendant guilty. By "knowledge" is meant, the having a certain and clear perception of the falsity of the claim made.

If, upon the considering of the case, you have a reasonable doubt arising from the facts and circumstances testified to, you should acquit. By "reasonable doubt" is meant a state of mind hesitating in coming to a conclusion as to the guilt or innocence of the defendant. If you have such a doubt, arising from the facts and circumstances of the case, you should acquit; otherwise convict.

With the question of punishment you have nothing to do, as the law has left that to be determined by the court, in case of a conviction. The offences charged in the various counts of the indictment are the making of false claims, knowing them to be false, fictitious, and fraudulent. You can find the defendant guilty or acquit on all or on as many of the counts of the indictment, as you may find yourself justified in doing from the evidence and the law applicable thereto as given you by the court.

The jury found the defendant guilty on the last count in the indictment, and not guilty on all the others.